UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60065-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

v.

LEIGHTON MARTIN CURTIS,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 70) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (D.E. 51)

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge John J. O'Sullivan ("Report," D.E. 70), issued on August 29, 2011. The Report recommends the Court deny Defendant Leighton Martin Curtis's Motion to Suppress a Certain Approximate 1.5 Hour Computer Recording ("Motion to Suppress," D.E. 51), filed on July 18, 2011.[1] On September 1, 2011, Defendant filed objections to the Report ("Objections," D.E. 71). On September 27, 2011, as a result of the Court's Order requiring a response (D.E. 73), the Government filed its response to Defendant's Objections ("Response," D.E. 74). Having considered the Report, Objections, Response, Motion to

---

[1] The Government filed its response on August 3, 2011, to which Defendant filed his reply on August 15, 2011. (See D.E. 57, 62.) On August 21, 2011, the Government filed its Amended Statement of Facts in Opposition to Motion to Suppress. (See D.E. 65.) On August 22, 2011, the Magistrate Judge held an evidentiary hearing. (See Tr. of Aug. 22, 2011 Hearing, D.E. 72.)

Suppress, related pleadings, and the record, the Court adopted the Magistrate Judge's Report and denied Defendant's Motion to Suppress in open court on October 5, 2011.[2]

I. Background[3]

On June 9, 2011, Defendant Leighton Martin Curtis was charged in a Third Superseding Indictment ("Indictment," D.E. 39), with two counts of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2) and 2 (Counts I and II), and one count of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e).

On July 18, 2011, Defendant moved to suppress an approximately 1.5 hour video recorded while he and L.S., a minor victim, were in a hotel room at the Sea Club Hotel in Fort Lauderdale, Florida. The video was recorded on a laptop computer shared by the Defendant and the victim. Its contents include a telephone conversation between the Defendant and an unidentified female,[4] conversation between the Defendant and L.S. regarding that telephone conversation, and multiple later telephone conversations between L.S. and several male customers. Defendant contends the recording was made without his knowledge or consent and its use at trial would violate Title III of the Omnibus Crime and Control and Safe Street Act of 1968 ("Title III"), 18 U.S.C. § 2510 *et seq.*, and the Fourth

---

[2] This written Order supplements and memorializes the findings made in open court.

[3] A more extensive recitation of the background facts is contained in the Magistrate Judge's Report. (See Report at 2-5.)

[4] In this telephone call, Defendant was attempting to recruit the unidentified female to come and work with him and L.S.

2

Amendment to the U.S. Constitution.[5]

On August 22, 2011, the Magistrate Judge held a hearing on the matter at which both the Defendant and L.S. testified. Prior to the hearing, the Magistrate Judge also watched the video recording.

**II.    Report and Objections**

After conducting an evidentiary hearing, the Magistrate Judge determined Defendant had no reasonable or justifiable expectation of privacy in the communications captured on the video recording and the Report recommends denial of Defendant's Motion to Suppress. Specifically, the Magistrate Judge found that Defendant participated in the telephone call with the unidentified female while L.S. was in the room and the conversation occurred over the phone's speaker. He also took no steps to shield his conversation from L.S., spoke in a normal tone, and made no effort to leave the room or cause L.S. to leave the room. Moreover, the Magistrate Judge found that Defendant knew L.S. was listening to the conversation, as evidenced by the fact that the Defendant and L.S. are subsequently recorded discussing the call and Defendant asks L.S. regarding certain aspects of how the call went. Furthermore, after evaluating the demeanor and testimony of the witnesses, the Magistrate Judge found Defendant's testimony not credible.

Defendant specifically objects to certain of the Magistrate Judge's factual findings

---

    [5]    The Fourth Amendment protects against unreasonable search and seizure by state actors. See e.g., N.J. v. T. L. O., 469 U.S. 325, 335 (1985); Denson v. United States, 574 F.3d 1318, 1338 (11th Cir. 2009).

3

including: (a) that Defendant was L.S.'s pimp; (b) the purpose of the hotel stay was for L.S. to engage in prostitution; (c) that Defendant was aware of L.S.'s habit of recording video and taking photos; (d) that Defendant had certain rules that L.S. had to obey; (e) that Defendant and L.S. would review the photos and video recordings contained on the laptop computer; (f) that Defendant knew L.S. was listening to the telephone conversation with the unidentified female; (g) that L.S. later received calls from three unknown male customers; (h) that Defendant later learned of the existence of the video recording; (i) that Defendant later watched the video; and (j) that Defendant did not ask L.S. to delete the video recording. (Objections at 1-2.) Additionally, relying upon Walker v. Darby, 911 F.2d 1573 (11th Cir. 1990), Defendant believes he is protected by an expectation of non-interception under Title III despite the absence of a reasonable expectation of privacy.

In response, the Government contends that the transcript of the hearing adequately supports the Magistrate Judge's factual findings including his credibility determinations. Moreover, the Government contends there is no Title III violation where the phone conversation was not "intercepted" by L.S. but rather Defendant allowed her to participate by conducting the conversation over speakerphone in her presence.

### III.   Standard of Review

Pursuant to Rule 59(b)(3) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1)(B), the Court must consider *de novo* Defendant's objections to the Report and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the

matter." In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007). To the extent the magistrate judge's findings turn on evaluations of credibility or "demeanor-intensive fact finding," those findings should not be rejected or overruled lightly as "the raw transcript of the hearing" does not capture the "nuances of the testimony or the demeanor of the witnesses." Amlong, 500 F.3d at 1248-50.

**IV. Discussion**

Title III requires the exclusion of evidence obtained from communications intercepted in violation of its provisions. 18 U.S.C. § 2515 provides that, "[w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial . . . if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2518(10)(a)(i) further provides that, "[a]ny aggrieved person in any trial . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that -- (i) the communication was unlawfully intercepted." The term "oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2). Congress intended the definition of "oral communication" to "parallel the reasonable expectation of privacy test

5

set out in" Katz v. United States, 389 U.S. 347 (1967). See Kee v. City of Rowlett, Tx., 247 F.3d 206, 211 n.8 (5th Cir. 2001). Title III further defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

The statutory inquiry under Title III and the constitutional inquiry under the Fourth Amendment are essentially the same. Namely, the question boils down to "whether a reasonable or justifiable expectation of privacy exists." United States v. McKinnon, 985 F.2d 525, 527 (11th Cir. 1993). First, the Court must look at whether Defendant's "conduct exhibited a subjective expectation of privacy." Id. Second, the Court must evaluate whether Defendant's "subjective expectation of privacy is one that society is willing to recognize as reasonable." Id.

Defendant first objects to a number of factual findings made by the Magistrate Judge. Upon review of the transcript, these factual findings are adequately supported by the record. L.S.'s testimony supports the findings that: Defendant was L.S.'s pimp; the purpose of the hotel stay was to engage in prostitution; Defendant knew of L.S.'s habit of recording things; L.S. obeyed the Defendant's rules; Defendant and L.S. would review the photos and video recordings contained on the laptop computer; Defendant knew L.S. was listening to the telephone conversation with the unidentified female; L.S. later received calls from three unknown male customers; Defendant later learned of the existence of the video recording; Defendant later watched the video; and Defendant did not ask L.S. to delete the video

recording. This testimony was bolstered by the Magistrate Judge's observations from watching the video recording in which Defendant discussed the telephone call with L.S. in a way that assumed her knowledge of the conversation. L.S. was also captured on the video recording receiving the telephone calls from the unidentified males. Moreover, the Magistrate Judge found L.S.'s testimony credible and Defendant's testimony incredible. To the extent the Magistrate Judge's findings hinge on his credibility determinations they should not be cast aside lightly. Thus, the Magistrate Judge's factual findings are adequately supported in the record and Defendant's conduct did not exhibit a subjective expectation of privacy.

Next, Defendant objects that under the Eleventh Circuit's decision in Walker, he need not demonstrate an expectation of privacy but only an expectation of "non-interception" of his communications. In Walker, a postal employee brought a civil action under Title III as a result of his supervisors placing listening devices in his office in an effort to get him fired. 911 F.2d at 1575-76. The district court granted summary judgment for the supervisors. The Eleventh Circuit subsequently held that factual issues existed precluding summary judgment, including whether the supervisors had "intercepted" the employee's communications and whether the employee had a subjective expectation that conversations in the workplace would not be intercepted. Id. at 1578-79. Of note, the court stated, "[o]ther courts have found that an action for violation of the anti-wiretap statute may be maintained even in the absence of an expectation of privacy as generally understood in the Fourth Amendment search and

7

seizure context." Id. at 1578 (citing Boddie v. Am. Broadcasting Companies, Inc., 731 F.2d 333, 338-39 & n.5 (6th Cir. 1984); Bianco v. Am. Broadcasting Companies, Inc., 470 F. Supp. 182, 185 (N.D. Ill. 1979)).

Nevertheless, the Walker decision seems of questionable precedential value. First, that case involved a private civil action brought under Title III, as did the cases it relied upon. Second, just three year later, the Eleventh Circuit in McKinnon explicitly held that the statutory and constitutional analysis are essentially the same in that they both require an evaluation of the individual's subjective expectation of privacy and derive from the U.S. Supreme Court's decision in Katz. 985 F.2d at 527. This is supported by the legislative history of Title III and decisions by other courts. See e.g., Kee, 247 F.3d at 211-12. Third, as noted by the concurrence in Walker, much of the opinion is in fact *dicta*. See 911 F.2d at 1579-80 (Edmonson, J., concurring). Walker was also decided in the summary judgment context and simply held that genuine issues of material fact existed precluding summary judgment. Finally, the statutory definition of "oral communication" supports an analysis based upon expectations of privacy. In other words, only communications accompanied by an expectation of privacy could be said to be protected from unanticipated interception.

In any event, Defendant additionally fails to demonstrate an expectation of privacy that his oral communications would not be intercepted or that his communications actually were intercepted. The recording of Defendant's conversation with the unidentified female did not result from a listening device or wiretap. Rather, his conversation was overhead

8

because it occurred only feet from where L.S. was sitting and was amplified via the phone's speaker. The fact that the overheard phone call was recorded does nothing to change the analysis. See e.g., Epps v. St. Mary's Hosp. of Athens, Inc., 802 F.2d 412, 415 (11th Cir. 1986); United States v. Harpel, 493 F.2d 346, 348 (10th Cir. 1974); United States v. Cheely, 814 F. Supp. 1430, 1441 (D. Alaska 1992). Moreover, Defendant was aware that L.S. often recorded videos and in fact, according to L.S.'s testimony, became aware of the precise video being challenged and decided not to delete it. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Report and Recommendation of the Magistrate Judge (D.E. 70), issued on August 29, 2011, is **ADOPTED**;

2. Defendant's Motion to Suppress a Certain Approximate 1.5 Hour Computer Recording (D.E. 51), filed on July 18, 2011, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of October, 2011.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

9