**14-CV-61851-LENARD/WHITE**

Page 2

FILED by _PG_ D.

AUG 1 4 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT,
S. D. of FLA. – MIAMI

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| Name (under which you were convicted):<br>Leighton Martin Curtis | Docket or Case No.: 11-CR-<br>60065-JAL-1 |
| Place of Confinement: FCI ESTILL, P.O. BOX 699<br>Estill, S.C. 29918 | Prisoner No.:<br>96507-004 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. LEIGHTON MARTIN CURTIS | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    United States District Court; Southern District of Florida; Eleventh

    Circuit; Miami Division; 300 N.E. 1st AVE; Miami, FL 33132

    (b) Criminal docket or case number (if you know): 11-CR-60065-JAL-1

2. (a) Date of the judgment of conviction (if you know): 11/18/2011

    (b) Date of sentencing: 02/09/2012

3. Length of sentence: 360 months/ Life Probation

4. Nature of crime (all counts): Count 2:Sex Trafficking of a Minor 18 U.S.C. 1591(a)

    (1);(b)(2)(2); Count 3:Child Pornography 18 U.S.C. 2251(a)(e)

5. (a) What was your plea? (Check one)

    (1) Not guilty ☒        (2) Guilty ☐        (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    N/A

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☒        Judge only ☐

nat/div 2255/510/Miami-Dade
Case # 11CR60065
Judge Lenard Mag PAW
Motn Ifp YES  Fee pd $ NO
Receipt # _____

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

   (a) Name of court: __United States Court of Appeals; Eleventh Circuit__

   (b) Docket or case number (if you know): __12-10864-AA__

   (c) Result: __Affirmed__

   (d) Date of result (if you know): __03/19/2013__

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: __Issue I:Whether the district court should suppress video__
   __recording which was in violation of Mr. Curtis' expectation of privacy__
   __rights; Issue II:Whether the evidence was insufficient to support Mr. Curtis'__
   __conviction; Issue III:Whether district court erred when it ruled Mr. Curtis__
   __could not introduce evidence with Fed. R. Evid. 412 denying Mr. Curtis a__
   __fair trial; Issue IV:Whether Mr. Curtis 360 month sentence was both__
   __procedurally and substantively unreasonable__

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒    No ☐
   If "Yes," answer the following:

   (1) Docket or case number (if you know): __No. 13-6572__

   (2) Result: __Denied__

   (3) Date of result (if you know): __11/04/2013__

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: __Issue I:Whether Mr. Curtis 360 month and life probation__
   __sentence was both procedural and substantively unreasonable in light of__
   __Supreme Court decision in Alleyne V. United States when the judge rather__
   __than the jury can by preponderance of the evidence standard raise minimum__
   __mandatory base level by 8 points; Issue II:Whether video should be__
   __suppressed; Issue III:Was Mr. Curtis' constitutional right to a fair__
   __trial violated when not allowed to introduce evidence using (See Attached)__

10. Other than the direct appeals listed above, have you previously filed any other motions,
    petitions, or applications concerning this judgment of conviction in any court?
    Yes ☒    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: __United States Court of Appeals; Eleventh Circuit__

    (2) Docket or case number (if you know): __No. 12-10864__

    (3) Date of filing (if you know): __06/27/2013__

(4) Nature of the proceeding: Request to supplement record to include new ruling

(5) Grounds raised: Rehearing with rehearing en banc on same issues raised on direct appeal. Alleyne was decided June 17, 2013 supplement in regards to issue IV on direct appeal as to 360-month sentence procedural and substantive unreasonable when minimum mandatory was disturbed from the judge after jury trial and base level 32 121-151 went up 8 points to 292-365 from the judge findings. Rehearing denied June 21, 2013

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result: Not Filed

(8) Date of result (if you know): June 27, 2013

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☒   No ☐

(2) Second petition:   Yes ☒   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____ N/A _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

GROUND ONE: Whether counsel ineffective for failure to communicate plea offer

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.): Counsel afforded defendant no knowledge of offer,defendant would have taken a favorable plea had he known about it, and been less exposed to a more severe sentence. Thus proving counsel's performance below a reasonable standard and deficient according to Strickland V. Washington framework. See Attached memorandum of fact and law.

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: My/appellate counsel Gail Stage decided not to raise this issue, and I repeatedly told her that it was preserved at sentencing, in the transcripts, (See Attached)

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed: _____ N/A _____

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): __N/A_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

  Yes ❑   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ❑   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ❑   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A_____

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: ___N/A_____

Result (attach a copy of the court's opinion or order, if available): __N/A_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __My appellate counsel never raised this issue on Direct, and this is my first collateral review for ineffective assistance of counsel, and it is being raised at this point.__

_____

_____

GROUND TWO: _Whether counsel ineffective for failure to file motion to suppress illegally obtained evidence_

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_Counsel never raised objection to, or filed motion to suppress evidence obtained during illegal search and seizure. Broward County Sherriff's Officers without consent or warrant searched petitioner's vehicle obtaining several phones and a camera which was used to give a partial victory to the Government in this case. While under duress, and believing himself in custody at the time, petitioner eventually signed a consent form for them to search his vehicle. After they had already searched said vehicle prior to them receiving this signed consent form. See attached memorandum of fact and law_

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: <u>My appellate counsel</u>
<u>Gail Stage told me I signed a consent and could not raise it, even when I</u>
<u>explained the consent was a product of duress and a violation(See Attached)</u>

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: <u>  N/A  </u>

    Name and location of the court where the motion or petition was filed: <u>   N/A   </u>

    Docket or case number (if you know): <u>    N/A    </u>

    Date of the court's decision: <u>  N/A  </u>

    Result (attach a copy of the court's opinion or order, if available): <u> N/A </u>

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: <u>   N/A   </u>

    Docket or case number (if you know): <u>    N/A    </u>

    Date of the court's decision: <u>    N/A    </u>

    Result (attach a copy of the court's opinion or order, if available): <u> N/A </u>

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: My appellate counsel never raised this issue on Direct, and this is my first collateral review for ineffective assitance of counsel, and it is being raised at this point.

GROUND THREE: Whether counsel ineffective for failure to raise Giglio violation at trial

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.): F.B.I. agent gave perjuristic testimony that helped to bolster governments case. By testifying that government's witness was found with the owner of illegal identification. It further prejudiced defendant's case by giving and strengthening witness's testimony. See attached memorandum of fact and law Also because the state detective gave perjuristic testimony when question on cross-questioning by defense pertaining to defendant being shackled at any time. State detective also made statement that defendant was present at the time his vehicle was towed.  Thus detective gave false testimony of material fact at trial.

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ❑   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:  I was told by my Appellate Counsel this is a collateral review Issue.

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ❑   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:  N/A

   Name and location of the court where the motion or petition was filed:  N/A

   Docket or case number (if you know):  N/A

   Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available): __N/A_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A_____

_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: ___N/A_____

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _My appellate counsel said this can only be raised on collateral review_

_____

_____

_____

GROUND FOUR: _Whether a Brady violation occurred because government withheld exculpatory evidence_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_State Detective erased phone meassage that witness made to the fact that petitioner was innocent and had no prior knowledge of her actions. Detective Bruce Link erased said message, and in court transcripts admitted to this fact. See attached memorandum of fact and law_

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:  <u>My appellate counsel</u>
<u>said this was a collateral review issue</u>

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: <u>   N/A</u>

    Name and location of the court where the motion or petition was filed: <u>    N/A</u>

    Docket or case number (if you know): <u>   N/A</u>

    Date of the court's decision: <u>  N/A</u>

    Result (attach a copy of the court's opinion or order, if available): <u>N/A</u>

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: <u>  N/A</u>

    Docket or case number (if you know): <u>   N/A</u>

    Date of the court's decision: <u>  N/A</u>

    Result (attach a copy of the court's opinion or order, if available): <u>N/A</u>

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: <u>My appellate counsel said this can only be raised on collateral review</u>

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>All grounds not presented, due to appellate counsel said she would not raise them also were to be raised in a collateral review motion</u>

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❑   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: <u>Neison Max Marks, Federal Public Defender's Office, 450 Australian Avenue, Suite 500, West Palm Beach, FL 33401</u>

(b) At arraignment and plea: <u>Robert Scott Gershman, Gershman & Gershman, P.A., 2160 W. Atlantic Avenue, Second Floor, Delray Beach, FL 33445</u>

(c) At trial: <u>SAME</u>

(d) At sentencing: <u>SAME</u>

Page 12

(e) On appeal: <u>Gail Marie Stage, Federal Public Defender's office, 1 E. Broward</u> <u>Boulevard, Suite 1100, Fort Laudredale, FL 33301</u>

(f) In any post-conviction proceeding: <u>                N/A                </u>

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>     N/A          </u>

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: <u>        N/A                                        </u>

(b) Give the date the other sentence was imposed: <u>N/A                        </u>

(c) Give the length of the other sentence: <u>        N/A                        </u>

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Vacate petitioner's sentence</u> <u>and grant any and all appropriate relief deemed necessary in the interest of</u> <u>justice.</u>

or any other relief to which movant may be entitled.

<u>N/A</u>

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>August 12, 2014</u> <u> </u> (month, date, year).

Executed (signed) on <u>August 12, 2014</u> (date).

<u>_____</u>

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. <u>   N/A   </u>

_____

_____



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE
LABEL 107 APRIL 1995

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

LEIGHTON MARTIN CURTIS #96507-004
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 699
Estill S.C. 29918

⇔ 96507-004 ⇔
Office Of Clerk Of Court
U.S. District Court
400 N Miami AVE
Room 8N09 Clerk of Court
Miami, FL 33128
United States